UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:24cv60534

YAILEN LORENZO,

    Plaintiff,

v.

ZWICKER & ASSOCIATES, P.C.,
    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA")

## JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, 15 U.S.C. §1692k, and 15 U.S.C. § 1681(p). Venue in this District is proper because Plaintiff resides here and Defendants sent letters and made collection efforts in this District.

## PARTIES

3. Plaintiff, YAILEN LORENZO, ("LORENZO"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ZWICKER & ASSOCIATES, P.C. ("ZAPC"), is a corporation organized under the laws of the State of Massachusetts. It is a citizen of the State of Massachusetts with its principal place of business at 80 Minuteman Road Andover, Ma 01810-1031.

5. ZAPC is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is CT Corporation System C/O Ct Corporation System 1200 South Pine Island Rd. Plantation, Fl 33324.

6. ZAPC regularly uses the mail and telephone in a business the principal purpose of

which is the collection of debts.

7. ZAPC is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. ZAPC has filed more than 100 collection lawsuits in Broward County, Florida within one (1) year of the filing of this Complaint.

9. Defendant regularly uses the mail and telephone to collect consumer debts.

10. Defendant's primary purpose is the collection of debts.

11. Defendant is a "debt collector" as defined in the FDCPA.

12. ZAPC is a "debt collector" as defined by the FCCPA.

## FACTUAL ALLEGATIONS

13. ZAPC, on behalf of Discover Bank sued the Plaintiff, Lorenzo, in the Florida State Court Matter filed in Broward County styled as: Discover Bank vs. Yailen Lorenzo; CONO21023110; for an alleged consumer debt, ("Debt").

14. The debt was for a personal, household, or family purpose.

15. On or about February 28, 2022, Plaintiff retained Debt Shield Law to represent him in the state court matter.

16. On or about February 28, 2022, Plaintiff sent a dispute letter advising the Defendant of Joel D. Lucoff's ("Lucoff") representation. The dispute included a letter from Lucoff's office to Defendant specifically requesting that Defendant cease and desist all communications with Plaintiff. Attorney Lucoff continues to represent Plaintiff. A copy of same is attached hereto as Exhibit "A".

17. Plaintiff's attorney emailed Defendant to stop collecting money from Defendant

18. However, On or March 18, 2022 ZAPC debited a sum of $100 from Plaintiff. A copy is attached as Exhibit "B" without the consent of Plaintiffs attorney

19. Defendant sent collection mails to the Plaintiffs attorney. A copy of letter is attached as Exhibit "C"

20. The actions of Defendants caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

### COUNT I - COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT II ATTEMPTING TO WITHDRAW FUNDS FROM BANK ACCOUNT IN VIOLATION OF 15 U.S.C. §1692e(10)

23. Plaintiff incorporates Paragraphs 1 through 20.

24. Defendant attempted to directly withdraw funds from bank account in violation of 15 U.S.C. §1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III – COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18)

25. Plaintiff incorporates paragraphs 1 through 20.

26. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72(18).

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor and against Defendant for:

a. Actual, statutory, and punitive damages;

b. Attorneys' fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

### JURY DEMAND

27. Plaintiff demands a trial by jury on all issues so triable.

**DEBT SHIELD LAW**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw.com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorneys for Plaintiff*